1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  MOLLY K. PRIEDEMAN (CABN 302096)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7332
7      FAX: (415) 436-7234
       molly.priedeman@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 19-553 RS |
| Plaintiff, | STIPULATION AND ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| VICTOR BARRIOS, | |
| Defendant. | |

On March 20, 2020, the Court continued the March 24, 2020 change of plea hearing at 2:30 pm in the above-captioned matter to May 26, 2020 at 2:30 pm.

On March 16, 2020, the Court issued General Order 72 stating that appearances before district judges may be waived or postponed, if required by law, with the defendant's consent. The Court further found that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. section 3161(h)(7)(A).

The parties together request that the time between March 24, 2020, and May 26, 2020, be excluded from any time limits applicable under the Speedy Trial Act, 18 U.S.C. § 3161. An exclusion of time is appropriate because:

STIPULATION TO EXCLUDE TIME
AND [PROPOSED] ORDER
NO. CR 19-553 RS                                    1

The Court may appropriately exclude time on ends-of-justice grounds. The country's public health interest in stemming the spread of COVID-19 outweighs the interest of the "public and the defendant in a speedy trial." § 31671(h)(7)(A); *see also Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

A failure to grant the requested continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence because her ability to meet with the client and review discovery may be constrained by shelter-in-place and quarantines. § 3161(h)(7)(B)(iv). Shelter-in-place and quarantines may also restrict defense counsel's ability to confer with the defendant regarding the factual basis for a plea.

The Court may also exclude time for continuity of counsel for the same reasons. *Id.*

The parties agree and stipulate that the time until May 26, 2020 should be excluded, under 18 U.S.C. §3161(H)(7)(A) and (B)(iv), because the ends of justice served by the granting of the continuance outweigh the bests interests of the public and the defendant in a speedy and public trial.

The undersigned Assistant United States Attorney certifies that she has obtained approval from counsel for the defendant to file this stipulation, request, and proposed order.

IT IS SO STIPULATED.

DATED: March 20, 2020  /s/ Molly K. Priedeman
MOLLY K. PRIEDEMAN
Assistant United States Attorney

DATED: March 20, 2020  /s/ Sophia Whiting
SOPHIA WHITING
Assistant Federal Public Defender

## **ORDER**

Based upon the representations of counsel and for good cause shown, the Court finds that failing to exclude the time from March 24, 2020 to May 26, 2020 would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(7)(B)(iv). A failure to grant the requested exclusion would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence because her ability to meet with the client and review discovery may be constrained by shelter-in-place and quarantines. § 3161(h)(7)(B)(iv). Shelter-in-place and quarantines may also restrict defense counsel's ability to confer with the defendant regarding the factual basis for a plea. The Court excludes time for continuity of counsel for the same reasons. *Id.* The Court further finds that the ends of justice served by excluding the time from March 24, 2020 to May 26, 2020 from computation under the Speedy Trial Act outweighs the best interests of the public and the defendant in a speedy trial. Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from March 24, 2020 to May 26, 2020 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv).

IT IS SO ORDERED.

DATED: 3/20/2020

THE HONORABLE RICHARD SEEBORG
United States District Judge