STEVEN G. KALAR
Federal Public Defender
Northern District of California
SOPHIA WHITING
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Sophia_Whiting@fd.org

Counsel for Defendant BARRIOS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR BARRIOS,<br><br>Defendant. | **Case No.:** CR 19-553 RS<br><br>STIPULATION AND ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT AND REQUEST TO CONTINUE CHANGE OF PLEA |

The parties jointly request to continue the change of plea hearing in the above-captioned matter from May 26, 2020 at 2:30 p.m. to June 30, 2020 at 2:30 pm.

The parties further stipulate and request that, under the Speedy Trial Act, the Court exclude the time from May 26, 2020, to June 30, 2020. Under 18 U.S.C. § 3161(h)(7)(A), the Court may appropriately exclude time "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a

continuance and exclude time in such circumstances.  *See, e.g.*, *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

On March 16, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton issued General Order No. 72, In Re: Coronavirus Disease Public Health Emergency. General Order No. 72 sets forth the Court's finding that—in light of the state of emergency declared by the President of the United States and California; recommendations by the Centers for Disease Control and Prevention (CDC) and other public health departments to avoid large gatherings of people and to particularly avoid person-to-person contact among the elderly and other vulnerable populations; the shelter-in-place directives; and the Court's consideration of the various interests implicated by the COVID-19 outbreak "including: the health of jurors, witnesses, parties, attorneys, the public, court staff, Probation and Pretrial Services staff, chambers staff, and judges; the constitutional rights of criminal defendants and other parties; and the public's interest in, and the court's duty to ensure, the effective and expeditious administration of justice"; the Court's reduced ability to obtain an adequate spectrum of jurors and the limitations on availability of counsel and court staff to be present in the courtroom based on COVID-19 and responses to the public health emergency—the ends of justice are served by ordering the continuances of trials commencing before May 1, 2020, and by postponing appearances with the defendant's consent.  On March 23, 2020, the Court closed the San Jose courthouse entirely until April 7, 2020.  General Order 73 (amended).  On March 25, 2020, the Court also closed the Oakland and Eureka/McKinleyville courthouses.  *Id.*

General Order 72 found that the ends of justice served by ordering continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).  The parties stipulate that General Order 72 applies to the above-captioned case, specifically.  COVID-19 is a global pandemic.  To avoid the spread of COVID-19, the state of California is currently ordered to shelter in place and "heed the current State public health directives."  California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020).  A number

of other states have also ordered people to stay at home. https://www.cnn.com/2020/03/23/us/coronavirus-which-states-stay-at-home-order-trnd/index.html.  These realities hamper counsels' ability to meet with the defendant, relevant personnel, and witnesses.  A failure to grant the requested exclusion of time and continuance would therefore unreasonably deny counsel continuity of counsel or deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  A continuance and exclusion of time from May 26, 2020, to June 30, 2020 is therefore appropriate under 18 U.S.C. § 3161(h)(7)(B)(iv), as the ends of justice served the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

| | |
|---|---|
| April 21, 2020<br>Dated | DAVID L. ANDERSON<br>United States Attorney<br>Northern District of California<br><br>            /S           <br>MOLLY PRIEDEMAN<br>Assistant United States Attorney |
| April 21, 2020<br>Dated | STEVEN G. KALAR<br>Federal Public Defender<br>Northern District of California<br><br>            /S           <br>SOPHIA WHITING<br>Assistant Federal Public Defender |

**ORDER**

For the reasons set forth in this Court's General Order No. 72, set forth below in this Order, and set forth in the parties' stipulation, this Court finds that continuance and exclusion from the time limits applicable under 18 U.S.C. § 3161 from May 26, 2020 to June 30, 2020 is warranted and serves the ends of justice, and outweighs the best interest of the public and the defendant in a speedy trial, in this case.  18 U.S.C. § 3161(h)(7)(A).

Responding to the COVID-19 (Coronavirus Disease) pandemic, numerous states, including California, are currently ordered to shelter in place and "heed the current State public health directives."  California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020).  These limits serve the public interest in stemming the spread of COVID-19 and therefore serve the ends of justice.  18 U.S.C. § 3161(h)(7)(A).  These realities also mean that without the requested continuance, counsel would lack reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv). Based on these findings, the Court hereby ORDERS that the change of plea hearing on May 26, 2020 at 2:30 pm is continued to June 30, 2020 at 2:30 pm and that the time between May 26, 2020 and June 30, 2020 is excluded under the Speedy Trial Act.

IT IS SO ORDERED.

April 21, 2020
Dated

THE HONORABLE RICHARD SEEBORG
United States District Judge