1    STEPHANIE M. HINDS (CABN 154284)
     Acting United States Attorney
2
     HALLIE HOFFMAN (CABN 210020)
3    Chief, Criminal Division

4    ANNE C. HSIEH (CABN 288159)
     Assistant United States Attorney
5
         150 Almaden Boulevard, Suite 900
6        San Jose, California 95113
         Telephone: (408) 535-0910
7        FAX: (408) 535-5081
         Anne.Hsieh@usdoj.gov
8
     Attorneys for United States of America
9
                          UNITED STATES DISTRICT COURT
10
                        NORTHERN DISTRICT OF CALIFORNIA
11
                              SAN FRANCISCO DIVISION
12

13   UNITED STATES OF AMERICA,              )   CASE NO. 3:19-CR-00553-001 RS
                                            )
14         Plaintiff,                       )   **UNITED STATES' SENTENCING**
                                            )   **MEMORANDUM**
15      v.                                  )
                                            )
16   VICTOR BARRIOS,                        )
     a/k/a Alejandro Mendoza Mercado,       )
17   a/k/a Victor Manuel Barrios-Mendoza    )
                                            )
18         Defendant.                       )
                                            )

19

20         The United States submits this memorandum in support of its recommendation that the Court

21   sentence the defendant, Victor Barrios (a/k/a Alejandro Mendoza-Mercado), to a term of ten months

22   custody and a $100 special assessment.  Mr. Barrios is a Guatemalan native and citizen who has been

23   previously removed from the United States on five occasions and has sustained prior convictions for

24   Illegal Entry and Illegal Reentry in violation of 8 U.S.C. §§ 1325 and 1326, respectively.  He re-entered

25   the United States without authority after his last removal in April 15, 2011.  On March 23, 2021, the

26   defendant pled guilty to one count of Illegal Reentry Following Removal in violation of 8 U.S.C.

27   §§ 1326(a) and (b)(1).

28

In light of the nature of the defendant's conduct and his history and personal characteristics, the United States respectfully requests that the Court impose a sentence of ten months custody and a $100 special assessment.  The government's recommended sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, protect the public, provide adequate deterrence, and provide the defendant with needed correctional treatment.

## BACKGROUND

In May 1996, Mr. Barrios was convicted of sexual battery in Alameda County.  PSR ¶ 27.  The conviction was based on an incident in which Mr. Barrios approached a woman on the street, put his hands over her eyes, and began rubbing his hands on her crotch area.  *Id*.  When the victim began screaming, Mr. Barrios fled and was apprehended by police.  *Id*.

On May 19, 2004, Mr. Barrios was removed from the United States for the first time.  PSR ¶ 6. He was subsequently removed on four more occasions: January 26, 2005; October 25, 2006; August 11, 2010; and April 15, 2011.  *Id*.  Mr. Barrios has also twice been convicted in federal court for immigration violations.  On September 9, 2004, he was convicted of Illegal Entry into the United States in violation of 8 U.S.C. § 1325, and on September 17, 2010, he was convicted of Illegal Reentry Following Deportation in violation of 8 U.S.C. § 1326, both in the U.S. District Court, District of Arizona.  PSR ¶¶ 7, 28, 31.

Beside his sexual battery and immigration violation convictions, Mr. Barrios' criminal history primarily pertain to his sex offender status.  In May 2006, Mr. Barrios was arrested following an incident in which he sexually assaulted a woman in the convenience store where he worked.  According to the police report, the victim approached the counter to pay for a drink, Mr. Barrios came around the counter and began to fondle and kiss her while she tried to push him away and tell him "no."  Mr. Barrios persisted, groping her and refusing to let her go, and proceeded to pull her towards the back of the store.  The victim persuaded Mr. Barrios she would go with him if he let her go; when he released her, she fled the store and contacted police.  Responding officers discovered his sex offender status, and Mr. Barrios was later convicted in September 2006 of Failure to Register as a Sex Offender/Annual Update in Alameda County.  PSR ¶ 29.  In June 2010, Mr. Barrios was again convicted of Failure to Register as a Sex Offender in Alameda County.  PSR ¶ 30.

US SENTENCING MEMORANDUM                        2
3:19-CR-00553-001 RS

1    After his removal on April 15, 2011, Mr. Barrios re-entered the United States without consent

2  from the Attorney General or the Secretary of Homeland Security.  PSR ¶ 12.  In August 2017, Mr.

3  Barrios was arrested following a traffic stop when a record check revealed his sex offender registrant

4  and deportation status.  PSR ¶ 32.  After this arrest, Mr. Barrios was convicted again in June 2018 of

5  Failure to Register as a Sex Offender and Failure to Annual Update Sex Offender Status in Santa Clara

6  County.  *Id*.

7                                                   **DISCUSSION**

8    **I.    Sentencing Guidelines Calculation**

9    The government agrees with the both the criminal history and offense level calculation set forth

10  in the PSR.  PSR ¶¶ 14-24.  In light of the total offense level of 13, PSR ¶ 24, and the defendant's

11  criminal history score of five and criminal history category of III, PSR ¶¶ 33-34, the applicable

12  imprisonment range under the Sentencing Guidelines is 18 to 24 months.  PSR ¶ 77.

13  **II.    Sentencing Recommendation**

14    **A. Legal Standard**

15    The Court should impose a sentence sufficient, but not greater than necessary, to reflect the

16  purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520

17  F.3d 984, 991 (9th Cir. 2008).  The process of determining an appropriate sentence should begin with

18  calculating the correct sentencing range under the Guidelines.  *Id*.  After determining the appropriate

19  Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in

20  light of the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991–93.

21    In arriving at the appropriate sentence for the defendant, the Court should consider the following

22  factors, among others: (1) the nature and circumstances of the offense and the history and characteristics

23  of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to

24  promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence

25  imposed to afford adequate deterrence to criminal conduct; (4) the need to avoid unwarranted sentence

26  disparities among defendants with similar records who have been found guilty of similar conduct; and

27  (5) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

28

**B.  Government's Recommended Sentence**

The government's recommended sentence of ten months custody is sufficient, but not greater than necessary, to achieve the goals of § 3553(a).  Mr. Barrios' lengthy history of criminal immigration violations demonstrate that a meaningful custodial sentence is necessary to ensure adequate deterrence. The instant offense is not Mr. Barrios' first conviction for Illegal Reentry.  In fact, he has previously sustained convictions of violations 8 U.S.C. §§ 1325 and 1326 and has been physically removed from the United States five times.  His prior sentences (75 days imprisonment, and time served with 12 months supervised release) have proven inadequate in keeping him from committing additional criminal immigration offenses.  Moreover, Mr. Barrios' sex offender history suggest that he may continue to pose a danger to community without a sentence that sufficiently addresses his conduct.  A sentence of ten months imprisonment is necessary to afford adequate deterrence and protect the community in this case.

At the same time, the government recognizes that there are a number of circumstances surrounding Mr. Barrios' personal characteristics and family situation that may warrant a downward variance from the applicable guidelines range.  These include Mr. Barrios' difficult childhood and the impact of his incarceration on his wife and four children, including an adult autistic daughter who requires significant care.  Moreover, while Mr. Barrios' history of sexually assaulting women in public is quite serious, several decades have passed since his last arrest or conviction for such conduct.  A sentence of ten months takes into account these mitigating factors, while still sufficiently reflecting the seriousness of the offense and providing adequate deterrence.

**CONCLUSION**

For the reasons above, the Government recommends that the Court sentence the defendant to ten months imprisonment and a $100 special assessment.

DATED:  August 3, 2021                                    Respectfully submitted,

                                                                          STEPHANIE M. HINDS
                                                                          Acting United States Attorney

                                                                          */s/ Anne C. Hsieh*                        
                                                                          ANNE C. HSIEH
                                                                          Assistant United States Attorney

US SENTENCING MEMORANDUM                    4
3:19-CR-00553-001 RS